Joseph Ayad Gabra YOUSSEF,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

Sharon Malick Kamel Hendy,
Petitioner,

v.

John Ashcroft, Attorney General,
Respondent.

Nos. 03–70046, 03–70047, A75–
647–253, A75–647–452.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 2, 2004.*

Decided Oct. 28, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Suiet 203, Ventura, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Virginia Lum, Washington, DC, for Respondent.

Before REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

## MEMORANDUM**

Petitioners Joseph Ayad Gabra Youssef ("Youssef") and his wife Sharon Malick Kamel Hendy ("Hendy") each petition for review of the Board of Immigration Appeals' summary affirmance of the decision of the Immigration Judge ("IJ") holding them ineligible for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). As the parties are familiar with the facts, history, and arguments, we will not recount them here. Because we conclude that the IJ's decision is supported by substantial evidence, we deny the petitions. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004).

▮ The IJ correctly found that Youssef's testimony regarding a threat made by a neighbor and two instances of brief detention is insufficient to establish past persecution. *See Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 870 n. 6 (9th Cir.2003) (holding that occasional incidents of detention and interrogation and unfulfilled threats that are not so menacing as to cause significant actual suffering or harm do not rise to the level of persecution).

▮ The evidence is also insufficient to compel a finding that Youssef and Hendy have a well-founded fear of future persecution. Though an applicant must only show a ten percent chance of persecution to establish a well-founded fear of persecution, *INS v. Cardoza–Fonseca*, 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987), we conclude that petitioners have not done so. A demonstration of a well-founded fear of future persecution requires both a subjective and an objective showing of fear. *Njuguna v. Ashcroft*, 374 F.3d 765, 770 (9th Cir.2004). The petitioners' credible testimony satisfies the subjective component. *Id.* But the objective showing is not strong enough to compel us to overturn the decision of the IJ. While the 1997 State Department Report and other documents submitted by petitioners to the IJ contain references to the persecution of Coptic Christians in Egypt generally, that evidence does not compel the conclusion that all Coptic Christians in Egypt are at risk. Youssef and Hendy failed to produce direct and specific evidence that they have been individually targeted for persecution. That Hendy's second cousin was murdered along with nine other Coptic Christians does not, without more of a nexus, compel the conclusion that Youssef and Hendy are themselves in danger. *See Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991). While the inchoate threat from a convicted murderer that he would abduct

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the couple's unborn daughter, if such were to be born, and raise her as a Muslim, is more individualized, the IJ accurately noted that upon return to Egypt, the couple would not be required to live in the murderer's proximity. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1069 (9th Cir.2003). Thus, the government undertook and met the burden of showing that petitioners could safely relocate to some other part of Egypt, despite the extremists' activities.

Because Youssef and Hendy cannot satisfy the lesser standard of proof required to establish eligibility for asylum, they necessarily fail to demonstrate eligibility for withholding of removal. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); *cf. Fisher v. INS,* 79 F.3d 955, 965 (9th Cir.1996) (en banc). Aliens who fail to establish a well-founded fear of persecution will, by definition, fail to show a "clear probability" of persecution. *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

■ The record also supports the IJ's decision that Youssef and Hendy provided insufficient evidence to qualify for relief under CAT. They failed to make a showing that it is more likely than not they would be subjected to torture if removed to Egypt. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir.2003).

This court lacks jurisdiction to review a denial of voluntary departure. 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b)"); *Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

**Petitions for Review DENIED.**